Case No. 14-15139

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**CITY OF SAN JOSÉ; CITY OF SAN JOSÉ AS SUCCESSOR AGENCY TO THE REDEVELOPMENT AGENCY OF THE CITY OF SAN JOSÉ; and THE SAN JOSÉ DIRIDON DEVELOPMENT AUTHORITY,**
*Plaintiffs and Appellants,*

v.

**OFFICE OF THE COMMISSIONER OF BASEBALL,** an unincorporated association doing business as Major League Baseball; and **ALLAN HUBER "BUD" SELIG,**
*Defendants and Respondents.*

On Appeal from the United States District Court,
Northern District of California
Case No. 13-CV-02787-RMW, Honorable Ronald M. Whyte, Judge

## OPPOSITION OF PLAINTIFFS AND APPELLANTS TO MOTION OF DEFENDANTS AND RESPONDENTS TO TAKE JUDICIAL NOTICE

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
PHILIP L. GREGORY (SBN 95217)
FRANK C. DAMRELL, JR. (SBN 37126)
ANNE MARIE MURPHY (SBN 202540)
CAMILO ARTIGA-PURCELL (SBN 273229)
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606

**OFFICE OF THE CITY ATTORNEY**
RICHARD DOYLE (SBN 88625)
NORA FRIMANN (SBN 93249)
200 East Santa Clara Street, 16th Fl.
San José, California 95113
Telephone: (408) 535-1900
Facsimile: (408) 998-3131

*Attorneys for Plaintiffs and Appellants*

# TABLE OF CONTENTS

                                                      **Page**

I. **INTRODUCTION** ................................................................. 1

II. **STANDARD OF REVIEW** ................................................. 1

III. **ARGUMENT** ........................................................................ 3

    A. **MLB Ignored the Procedural Requirements for Bringing a Motion to Take Judicial Notice** ........................... 3

    B. **Judicial Notice of a Stipulation and Order and a Second Amended Complaint in an Unrelated Case Is Improper** ..... 4

    C. **Judicial Notice of Comments from the Northern District of Texas Is Improper** ................................................................ 7

IV. **CONCLUSION** .................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................. 4

*Center for Bio-Ethical Reform, Inc. v. City & County of Honolulu*,
  455 F.3d 910 (9th Cir. 2006) ................................................................. 3

*Cuellar v. Joyce*,
  596 F.3d 505 (9th Cir. 2010) ................................................................. 5

*Flick v. Liberty Mut. Fire Ins. Co.*,
  205 F.3d 386 (9th Cir. 2000) ................................................................. 2

*Hale v. Brooklyn Baseball Club, Inc.*,
  Civ. No. 1294 (N.D. Tex. 1958) ............................................................ 7

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) ................................................................. 8

*Korematsu v. United States*,
  584 F.Supp. 1406 (N.D. Cal. 1984) .................................................. 2, 3

*Lasar v. Ford Motor Co.*,
  399 F.3d 1101 (9th Cir. 2005) ............................................................... 8

*Melong v. Micronesian Claims Com.*,
  643 F.2d 10 (D.C. Cir. 1980) ................................................................ 7

*Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*,
  692 F.3d 983 (9th Cir. 2012) ................................................................. 6

*Santa Monica Food Not Bombs v. City of Santa Monica*,
  450 F.3d 1022 (9th Cir. 2006) ............................................................... 5

*Taylor v. Charter Medical Corp.*,
  162 F.3d 827 (5th Cir. 1998) ................................................................. 9

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
 971 F.2d 244 (9th Cir. 1992) .......................................................................... 6

*United States v. Gould*,
 536 F.2d 216 (8th Cir. 1976) .......................................................................... 4

*United States v. S. Cal. Edison Co.*,
 300 F.Supp. 2d 964 (E.D. Cal. 2004) ............................................... 2, 5, 7, 9

*Vivendi SA v. T-Mobile USA Inc.*,
 586 F.3d 689 (9th Cir. 2009) .......................................................................... 7

*Wyatt v. Terhune*,
 315 F.3d 1108 (9th Cir. 2003) ........................................................................ 8

*Yagman v. Republic Ins.*,
 987 F.2d 622 (9th Cir. 1993) .......................................................................... 8

## **RULES**

**Federal Rule of Appellate Procedure**

    27(a)(2)(A) ........................................................................................ 3

**Federal Rule of Evidence**

    201 ............................................................................................. 1, 2, 5, 9

## **OTHER AUTHORITIES**

Goelz, Watts & Batalden, Rutter Group Prac. Guide:
Fed. Ninth Cir. Civ. App. Prac. § 4:221 (The Rutter Group 2014) ................. 2

Ninth Circuit Advisory Committee Note to Rule 27-1 ¶ 5 ............................. 3

# I. INTRODUCTION

By their Motion to Take Judicial Notice, Respondents Office of the Commissioner of Baseball and Allan Huber "Bud" Selig (collectively, "Respondents" or "MLB") improperly submit additional argument answering Appellants' Opening Brief. Respondents request judicial notice of the contents of irrelevant pleadings and orders from unrelated cases, asking this Court to judicially notice a stipulation and a complaint in an *unrelated* case, as well as *comments* on a motion to dismiss by the District Court for the *Northern District of Texas* in an *unrelated* case from *1958*. These documents bear no relevance for this Court's *de novo* review of MLB's Motion to Dismiss the Complaint in this case.

As described in more detail *infra*, MLB's Motion to Take Judicial Notice should be **denied** in its entirety.

# II. STANDARD OF REVIEW

Courts may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

> While a court may take judicial notice of a judicial or administrative proceeding which has a 'direct relation to the matters at issue,' a court can only take judicial notice of the existence of those matters of public record . . . *but not of the*

*veracity of the arguments and disputed facts contained therein.* Similarly, a court may take judicial notice of the existence of certain matters of public record. *A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted.*

*United States v. S. Cal. Edison Co.*, 300 F.Supp. 2d 964, 974 (E.D. Cal. 2004) (emphasis added). "While the court may take judicial notice of the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." *Id*. at 975.

"Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful factfinding." *Korematsu v. United States*, 584 F.Supp. 1406, 1415 (N.D. Cal. 1984). The Northern District's point is particularly salient where, as here, this Court is considering appeal on a motion to dismiss. "It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000); Goelz, Watts & Batalden, Rutter Group Prac. Guide: Fed. Ninth Cir. Civ. App. Prac. § 4:221 at 4-33 (The Rutter Group 2014) (citations omitted). "Consideration of the[] documents . . . is best left to the district court, not to

the court of appeals for initial analysis." *Center for Bio-Ethical Reform, Inc. v. City & County of Honolulu*, 455 F.3d 910, 918 n.3 (9th Cir. 2006).

### III. ARGUMENT

#### A. MLB Ignored the Procedural Requirements for Bringing a Motion to Take Judicial Notice

MLB failed to follow the Ninth Circuit's procedural requirements for filing a motion. Ninth Circuit Advisory Committee Note to Rule 27-1 ¶ 5 states: "Unless precluded by extreme time urgency, counsel are to make every attempt to contact opposing counsel before filing any motion and to either inform the Court of the position of opposing counsel or provide an explanation regarding the efforts made to obtain that position." MLB failed to attempt to contact counsel for Appellants *before* filing this Motion. For this reason alone, this Court may deny the instant Motion.

Also, whereas MLB uses the Motion as a vehicle to further argue its Answering Brief, MLB fails to explain on what basis this Court should take judicial notice. This omission violates Fed. R. App. P. 27(a)(2)(A), which requires that a moving party "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." In fact, there is no basis for judicial notice: MLB presents neither a legislative nor an adjudicative fact subject to judicial notice. *See Korematsu*, *supra*, 584 F.Supp. at 1414 (legislative facts are "established truths, facts or

pronouncements that do not change from case to case but [are applied] universally, while adjudicative facts are those developed in a particular case"), citing *United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976).

### B. Judicial Notice of a Stipulation and Order and a Second Amended Complaint in an Unrelated Case Is Improper

MLB asks this Court to judicially notice the following: (1) "Stipulation Regarding Schedule for Pleadings and Certification of the Record in SFSJII, and Briefing Schedule in Both Cases; and Order" ("Scheduling Order") in *Stand for San José v. City of San José,* 111-CV-214196 and 113-CV-250372 (Cal. Sup. Ct.); and (2) "Verified Second Amended Petition for Writ of Mandamus and Complaint for Declaratory Relief and Injunctive Relief and for Attorney's Fees" ("Second Amended Complaint") in *Stand for San José v. City of San José*, 111-CV-214196 and 113-CV-250372 (Cal. Sup. Ct.). RJN, **Exs. 1-2**.

MLB argues the Scheduling Order and Second Amended Complaint are relevant and should therefore be judicially noticed because they go to the "purported validity of the Option Agreement." RJN at 3. The evidentiary question regarding the validity of the Option Agreement is irrelevant, however, as this Court is simply evaluating whether Appellants' Complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Cuellar v.*

4

*Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (declining to take judicial notice of materials that were not relevant to the disposition of the appeal); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). The ultimate resolution of the validity of the Option Agreement at a *future date* in an *unrelated case* is clearly irrelevant to this Court's determination of this appeal.

Fed. R. Evid. 201 "governs judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). "Legislative facts" are "those which have relevance to legal reasoning," such as "the formulation of a legal principle or ruling by a judge or court." Fed. R. Evid. 201 (note to subdivision (a) for 1972 proposed rules); *see* Fed. R. Evid. 201(a). Fed. R. Evid. 201 does not provide for judicial notice of legal principles or reasoning. Nor does Fed. R. Evid. 201 allow for judicial notice of how Respondents believe state court proceedings should be interpreted. "A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *United States v. Southern Cal. Edison Co.*, 300 F.Supp.2d 964, 974 (E.D. Cal. 2004).

MLB further argues this Court may judicially notice the Scheduling Order and Second Amended Complaint because the *Stand for San José* litigation has "a direct relation to matters at issue" here. RJN at 4, citing

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). MLB misconstrues the "direct relation" standard and misapplies *Robinson Rancheria*, where the respondent there sought judicial notice of the superior court's final judgment on the identical issues *and* the identical dispute on appeal. *Robinson Rancheria*, 971 F.2d at 248 ("Our review of this case begins and ends with the fact that Robinson's claims have been raised before and decided by a California state court."). Here, MLB requests judicial notice of a Scheduling Order in an *unrelated case* involving distinct issues that have yet to be decided. The fact that the Option Agreement is involved in the *Stand for San José Litigation* and in this Action does not warrant judicial notice of the Scheduling Order or the Second Amended Complaint because state court proceedings about the Option Agreement are irrelevant to MLB's Motion to Dismiss. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012) ("the issues on appeal bear no relation to the claims at issue here.").

The Scheduling Order and Second Amended Complaint are irrelevant and have no "direct relation" to the instant appeal. Appellants therefore respectfully request that this Court **deny** MLB's request for judicial notice of the Scheduling Order and Second Amended Complaint. Notwithstanding,

should this Court judicially notice the Scheduling Order and/or the Second Amended Complaint, Appellants respectfully assert that this Court should only take judicial notice of its/their existence "but not of the veracity of the arguments and disputed facts contained therein." *S. Cal. Edison Co.*, 300 F.Supp. 2d at 974.

### C. Judicial Notice of Comments from the Northern District of Texas Is Improper

MLB also asks this Court to judicially notice the following: "Court's Comments in Sustaining Defendant's Motions to Dismiss" ("Motion to Dismiss Transcript") in *Hale v. Brooklyn Baseball Club, Inc.*, Civ. No. 1294 (N.D. Tex. 1958). RJN, **Ex. 3**. Judicial notice of an entirely irrelevant document filed in another court proceeding is improper. *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 692 n.6 (9th Cir. 2009).

Further, MLB's request that this Court judicially notice the Motion to Dismiss Transcript should be denied for the same reasons discussed in Section III(C), *supra*. The 1958 Motion to Dismiss Transcript existed and was readily available when MLB brought the underlying Motion to Dismiss at the trial court level. Absent an affirmative showing of "prejudice or need," MLB is estopped from introducing such external evidence now. *See Melong v. Micronesian Claims Com.*, 643 F.2d 10, 12 (D.C. Cir. 1980) ("Judicial notice was never intended to permit . . . a widespread introduction

of substantive evidence at the appellate level, particularly when there has been absolutely no showing of special prejudice or need"); *see also Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 1000 (9th Cir. 2006) (refusing to notice purported fact available but not raised in district court proceedings); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 n.3 (9th Cir. 1993) (wherein this Court found it is rarely appropriate for appellate courts to take judicial notice of matters outside the record). Instead of attempting to articulate "prejudice or need," MLB's Request for Judicial Notice is silent on this point and should therefore be **denied**.

"Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1117 n. 14 (9th Cir. 2005) ("We decline Ford and Sutter's request to take judicial notice of a Journal Entry by the Court of Common Pleas of Cuyahoga County, Ohio because they are offering the factual findings contained in the order for the purpose of proving the truth of the factual findings contained therein."). "[E]ven though a court may take judicial notice of a 'document filed in another court . . . to establish the fact of such litigation and related filings,' a court cannot take judicial notice of the factual findings of another court." *Taylor v. Charter Medical Corp.*, 162

F.3d 827, 829-830 (5th Cir. 1998). Taking judicial notice of another court's factual findings is improper because:

> (1) such findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201; and (2) "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous."

*Id.* (footnotes omitted).

"While the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *Southern Cal. Edison*, 300 F.Supp. 2d at 974.

Should this Court judicially notice the comments from the court in the Northern District of Texas, Appellants respectfully assert that this Court should only take judicial notice of their existence "but not of the veracity of the arguments and disputed facts contained therein." *S. Cal. Edison Co.*, 300 F.Supp. 2d at 974.

## IV. CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court deny Respondents' Motion to Take Judicial Notice in its entirety.

Respectfully submitted,

Dated:  April 18, 2014  **COTCHETT, PITRE & McCARTHY**

By: /s/ *Philip L. Gregory*
JOSEPH W. COTCHETT
PHILIP L. GREGORY
FRANK C. DAMRELL, JR.
ANNE MARIE MURPHY
CAMILO ARTIGA-PURCELL

**OFFICE OF THE CITY ATTORNEY**
RICHARD DOYLE
NORA FRIMANN

# CERTIFICATE OF SERVICE

I hereby certify that, on the dates and methods of service noted below, a true and correct copy of OPPOSITION OF PLAINTIFFS AND APPELLANTS TO MOTION OF DEFENDANTS AND RESPONDENTS TO TAKE JUDICIAL NOTICE was served on all interested parties electronically through CM/ECF DATED: <u>April 18, 2014</u>.

By: <u>*/s/ Philip L. Gregory*</u>